UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUN ENTERTAINMENT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-00625 |
| ) | Judge Sharp |
| MUSIC WORLD MUSIC, LLC (F/K/A ) | |
| MUSIC WORLD PRODUCTIONS, ) | |
| LLC) D/B/A COMPADRE RECORDS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Pending before the Court is a Motion to Dismiss (Docket No. 15) filed by Defendant Music World Music, LLC, d/b/a Compadre Records ("Compadre"). Plaintiff Sun Entertainment Corp. has filed a response in opposition (Docket No. 16), and Compadre has replied (Docket No. 19). For the following reasons, the Motion will be granted in part and denied in part.

**I. FACTUAL ALLEGATIONS**

This is a copyright infringement and breach of contract case. According to the Complaint, which the Court accepts as true for present purposes, the relevant facts are as follows:

Plaintiff "possesses exclusive rights [under the Copyright Act] in the recordings contained in 'Johnny Cash – The Complete Sun Recordings — 1955-1958,'" and "registered its copyrights for these Master Recordings [on] December 2, 2005." (Docket No. 1 ¶ 6). On October 29, 2007, Plaintiff and Compadre entered into an exclusive Licensing Agreement ("Agreement"), with the understanding that "Compadre intended to remix the Master Recording to include on a new album," and Compadre would then retain all rights in the new album, while Plaintiff retained the rights to

1

"the underlying compositions used in the remixed recording and the original Master recordings." (Id. ¶ 11).

In April 2009, the parties amended the Agreement to provide that Plaintiff and Compadre would "equally split . . . all net receipts from the licensing of the Album." (Id. ¶ 12). Subsequently, Compadre: (1) "licensed its remix of the master recording of 'Country Boy' for use in a motion picture trailer" for $40,000; (2) "licensed its remix" of that same recording "to the ABC Network for use in promotional advertising for its airing of the CMA Music Festival and the CMA Awards" for $23,250 and (3) "licensed its remix of the master recording 'Get Rhythm' to Columbia for its use in an advertising campaign" for $70,000. (Id. ¶¶ 15 & 17-29). Plaintiff received none of those moneys, even though, under the terms of the Agreement, Plaintiff was entitled to 50%.

Based on these contentions, Plaintiff filed a two-count Complaint. In Count I, Plaintiff alleges that Compadre breached the Agreement when it licensed the remixes of "Country Boy" and "Get Rhythm" without paying it half of the fees received. In Count II, Plaintiff alleges that "[e]ach of the three licensing agreements Compadre made without paying Plaintiff its contractual share of its net receipts therefrom constituted an unauthorized copying of Plaintiff's protectible Master Recordings . . ., in essence turning each of those agreements into instances of copyright infringement." (Id.¶¶ 40-41). Compadre seeks dismissal of both claims pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) Standards

A Rule 12(b)(1) motion which attacks a claim for lack of jurisdiction over the subject matter on its face requires that the court accept the non-moving party's allegation of facts as true. DLX,

2

Case 3:11-cv-00625   Document 31   Filed 07/10/12   Page 2 of 7 PageID #: 122

Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). Where subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing jurisdiction. Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

### B. Rule 12(b)(6) Standard

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

### III. LEGAL APPLICATION

Compadre addresses Plaintiff's claims in reverse order, arguing that, if the copyright claim fails, there is no basis for original federal jurisdiction over Plaintiff's breach of contract claim. The Court addresses Plaintiff's claims in the same order.

### A. Copyright Infringement

To prove copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of that expression." Zomba Enters. v. Panorama Records, Inc., 491 F.3d 574, 581 (6th Cir. 2007). Compadre argues Plaintiff's copyright infringement claim fails as a matter of law

3

because it has no protectible right to the specific songs contained in the master recordings, and can only claim a copyright in the compilation of those recordings – a fact born out by the copyright registration (attached to the Complaint) which identifies the work as a "compilation" of preexisting materials.

In response, Plaintiff concedes its "Johnny Cash – the Complete Sun Recordings – 1955-1958" is a compilation because, in accordance with the Copyright Act, it is "'a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.'" (Docket No. 16 at 3 quoting, 17 U.S.C. § 504). Plaintiff also cites Feist v. Rural Tele. Serv. Co., 499 U.S. 340, 362 (1991) for the proposition that "the copyright in a compilation . . . protects the compilation as a whole, . . . not specific portions or constituent selections within the compilation," and even goes so far to acknowledge that Feist can be read "to mean that there is no copyright infringement of a compilation absent the same selection and arrangements of underlying works[.]" (Id.). Nevertheless, Plaintiff argues that dismissal is unwarranted in light of Judge Nixon's statement in King Records v. Bennett, 438 F. Supp. 2d 812, 843 (M.D. Tenn. 2006) that "the copyright of a collection of sound recordings in the form of an album extends copyright protection to both the album and the individual sound recordings contained therein, regardless of whether the sound recordings are individually listed on the certificate of registration."

Kings Records is distinguishable, and the quoted statement must be read in context. Judge Nixon was dealing with a compilation in the form of a "collective work" in which "the original materials or data of a compilation are separately copyrightable[.]" Id. at 840, citing 17 U.S.C. § 101. Noting that "[t]he Copyright Act . . . is silent as to whether registration of a 'collection' extends

4

copyright protection to each copyrightable element in the collection, or just protects the authorship, if any, involved in selecting and assembling the collection,'" and that "case law in the Sixth Circuit is silent on this issue," Judge Nixon agreed with "other courts [that] have found that registration of a collection extends copyright protection to each copyrightable element in the collection." Id. at 841; see, Szabo v. Eririson, 68 F.3d 940, 942 (5th Cir. 1995) (holding that "a copyright of a collection of unpublished works protects the individual works that are copyrightable, regardless of whether they are individually listed on the copyright certificate").

Leaving aside that the Sixth Circuit has stated (albeit in an unpublished decision) that "copyright protection for [a] compilation as a whole does not bestow copyright protection upon the specific portions of [the compilation]," J. Thomas Distrib., Inc. v. Greenline Distrib., Inc., 1996 WL 636138 at *6 (6th Cir. 1996), King does not aid Plaintiff because it cannot have federal copyright protection over the specific songs in the master recordings.

"Congress did not extend federal copyright protection to sound recordings until the Sound Recording Act of 1971, Pub.L. 92–140, 85 Stat. 391, and then only to sound recordings fixed after February 15, 1972." Dowling v. United States, 473 U.S. 207, 211 n.4 (1985); see also, Johnson v. Cypress Hill, 641 F.3d 867, 870 (7th Cir. 2011) ("under the Copyright Act, sound recordings fixed before February 15, 1972 are not subject to copyright protection, but may be protected by state law"); A & M Records, Inc. v. M.V.C. Distrib. Corp., 574 F.2d 312, 313 (6th Cir. 1978) ("The instant case involves sound recordings fixed prior to February 15, 1972, the effective date of Public Law 92-140, s 3, 85 Stat. 391, which accorded limited copyright protection to the manufacturers of musical recordings 'fixed, published, and copyrighted' after that date."). Here, the Certification of Registration from the Copyright Office is for a "compilation of pre-existing sounds," (Docket No.

5

1-1 at 2), sounds that were recorded between 1955 and 1958. Were the Court to accept Plaintiff's position that it has a protectible interests in the sounds recordings contained in the compilation, it would have to ignore not only the provisions of 17 U.S.C. § 301, which disallows copyright protection for "sound recordings fixed before February 17, 1972," but also the Copyright Act's language dealing with compilations, which states that "[t]he copyright in [a compilation] is independent of, and *does not affect or enlarge the scope* . . . of any copyright protection in the preexisting material." 17 U.S.C. § 103(b) (italics added).

## B. **Breach of Contract**

Compadre argues that, in the absence of a viable federal claim, Plaintiff's breach of contract claim fails because the amount in controversy is only $66,625,[1] less than the required $75,000 for diversity jurisdiction.

"In determining whether a claim's value exceeds $75,000, [a court is to] use the plaintiff's alleged amount unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed[.]'" Ozormoor v. T-Mobile USA, Inc., 354 Fed. Appx. 972, 973 (6th Cir. 2009) (quoting, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). In an oft-quoted passage, the Supreme Court wrote:

> . . . The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff

---

[1] This figure is derived from adding the amounts received by Compadre under the licensing agreements, and dividing that total by two.

6

> cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

St. Paul Mercury, 303 U.S. at 388-389 (footnotes omitted).

"Generally, the amount claimed by plaintiff in the complaint rules, as along as claimed in good faith[.]" Charvat v. GVN Michigan, Inc., 561 F.3d 623, 628 (6th Cir. 2009). In this case, Plaintiff alleges damages in excess of $75,000, and Compadre has presented nothing which would suggest that Plaintiff can not ultimately recover that amount. While Plaintiff thus far has discovered only three alleged breaches, it also alleges there may be more occasions in which Compadre entered into licensing agreements for which Plaintiff did not receive 50% of the fees. As such, the Court cannot say, to a legal certainty, Plaintiff's allegation that the amount in controversy exceeds $75,000 is not made in good faith.

## IV. CONCLUSION

On the basis of the foregoing, Compadre's Motion to Dismiss will be granted with respect to Plaintiff's copyright infringement claim, but denied with respect to Plaintiff's breach of contract claim.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE